# THE LAW OFFICE OF ELIZABETH E. MACEDONIO

ATTORNEY AT LAW

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

November 20, 2011

Via Facsimile and ECF

Honorable Sandra L. Townes
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bombino, et al.,
10 Cr. 147 (SLT)

Dear Judge Townes:

In advance of the status conference scheduled for November 22, 2011, after having conferred with counsel for the government and co-counsel, I write to advise the Court of certain issues the parties would like to address.

**The Filing of A Superseding Indictment**

First it is imperative that the defense be advised if the government intends to file a superseding indictment in this matter. Pre-trial motions are due on December 5, 2011 and the trial is set to commence on February 13, 2012. Currently all nine defendants will be going to trial.[1] This will be the second set of pre-trial motions filed, necessitated by the filing of subsequent indictments and the addition of Francis Guerra as a defendant. Preparation of pre-trial motions is an enormous undertaking in this matter. If the government intends to file yet another superseding indictment requiring a third set of motions, and perhaps a delay in the trial date, it is imperative that all parties have this information immediately.

**The Production of Pre-Trial Discovery**

The indictment in this matter covers the time period from 1987 to 2010. It charges seventeen racketeering acts and nineteen substantive counts. Numerous related prosecutions directly related to the charges contained in the indictment have been tried in this District and others. The discovery has been beyond voluminous, and it continues to arrive. Given the approaching trial date, a definite statement from government as to the status of the pre-trial discovery is required at this time.

---

[1] The Court has severed Ms. DiMichele from the other defendants. Therefore there will be two trials. Currently it is anticipated that Ms. DiMichele's case will be litigated separately and the remaining defendants will proceed on February 13, 2012. It is anticipated that the February trial will take two to three months to complete.

**Recordings and Transcripts**

There are over 7,000 hours of audio recordings in this case. These recordings consist of wiretaps, consensual recordings and recordings obtained through listening devices installed by the government in various locations. In order to effectively prepare for trial the defense requires, no later than December 13, 2011, a list of the recordings the government intends to use. Moreover, the defense requires transcripts of these recordings so that we can attempt to resolve the accuracy of the transcripts prior to trial.

**Production of 3500 Material, Government Witness List and Government Exhibit List**

Given the enormous amount of discovery, the defense requires early production of 3500 material, a list of the witnesses the government intends to call and the exhibits it intends to use at trial. Absent early production, it is likely that applications to adjourn the trial will be made in order to afford the defendants their right to effective assistance of counsel. The defense suggests that these items be turned over by January 1, 2012.

**Notification of Expert or Summary Witnesses**

The complexity of the case further requires early notification of the government's expert or summary witnesses. It is highly likely that the use of such witnesses will be the source of litigation. Accordingly, in an effort to vet this matter prior to trial, early disclosure is required.

**Motions in limine**

It is respectfully requested that the Court set a schedule for the government to file its motions in limine. Given the complexity of the case and the number of defendants, it is anticipated that these motions will require significant time to brief and resolve.

**The Use of Jury Questionnaires**

Due to the anticipated length of the trial and the notoriety of the case, it is respectfully suggested that the use of questionnaires will streamline the selection of the jury. Should the Court agree, we ask that Your Honor set a schedule by which the parties are to submit proposed questionnaires.

**Production of Witnesses In The Government's Control**

The defendants hereby advise the government that they intend to call certain witnesses within the government's control or in the custody of the Bureau of Prisons. Therefore, we ask that the government be directed to make the following individuals available for testimony at the trial.

Alphonse Persico
Dino Basciano
Joseph Iborti
Deborah ("Debbie") Marcus
Jeremy Marcus
Salvatore Miciotta
Alan Quattrache
Ronald Moran

**<u>Trial Schedule</u>**

The defense would also like to discus sundry matters such as the Court's general trial calendar and various holidays that will fall during the time the trial is taking place.

I thank Your Honor for her consideration in these matters.

Respectfully,

*Elizabeth E. Macedonio*

Elizabeth E. Macedonio
Counsel for the Defendant
*Theodore N. Persico, Jr.*

cc: All Parties – Via ECF